IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 1:06-cr-62-1 (RMC) |
| vs. | VIOLATION |
| DONALD M. BOUCHER | 18 U.S.C. § 1001 |
| Defendant. | |

# PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, Donald M. Boucher, agree as follows:

1. The defendant is entering this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily and truthfully admits the facts contained in the attached Factual Basis for Plea, as well as those contained in the attached Addendum, which simultaneously resolves defendant's civil liability in a separate agreement with the Federal Election Commission.

3. The defendant agrees to waive indictment and plead guilty to an information charging him with one count of causing the submission of false statements to the FEC, in felony violation of 18 U.S.C. § 1001. The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalties for the

offense are five years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100. The defendant understands that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583. The authorized term of supervised release is not more than three years. The defendant also understands that the Court may impose restitution, costs of incarceration, and costs of supervision.

5. If the Court accepts defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes arising from the circumstances described in the Factual Basis for Plea.

6. The defendant understands and acknowledges that the offense to which he is pleading guilty is subject to the provisions and guidelines of the "Sentencing Reform Act of 1984," Title 28, United States Code, Section 994(a).

7. The parties agree that the appropriate sentencing guideline, as applied in this case, is U.S.S.G. §2B1.1, and that the base offense level is 6. The parties agree that no specific offense characteristics apply, and that no adjustments under §3B1.1 or §3B1.2 apply.

8. The defendant agrees to cooperate with the United States. Specifically, the defendant agrees: (a) to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or materials of any kind or description that he has which relate directly or indirectly to violations of federal and local criminal statutes by himself and/or others; (b) to answer all questions put to him by attorneys and law enforcement officials during the course of this investigation completely, truthfully, and candidly at any hearing or trial related to or arising out of this investigation; (c) to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice; (d) not to attempt to protect any

person or entity through false information or omission, nor falsely to implicate any person or entity; (e) to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and (f) to testify fully and truthfully before any grand jury, and at all trials of cases or other court proceedings at which defendant's testimony may be deemed irrelevant by the government. The defendant's agreement to cooperate applies not only to criminal matters, but also to all proceedings conducted by or brought by the Federal Election Commission.

9. Should the defendant comply with each of the terms of this agreement, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under §3E1.1 of the Sentencing Guidelines. Should the Court agree with the government's recommendation, the resulting final offense level would be 4. The defendant understands that these recommendations and agreements are not binding on the Court or the Probation Office.

10. The defendant agrees that he will not move for a downward departure from the sentencing guideline level determined by the Court. The government agrees that it will not move for an upward departure from the sentencing guideline level determined by the Court.

11. The government agrees that it will bring to the Court's attention at the time of sentencing the full nature and extent of the defendant's cooperation, or lack thereof. In addition, if the government determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then the Public Integrity Section will file a motion pursuant to 18 U.S.C. § 3553(e) and §5K1.1 of the federal sentencing guidelines. The defendant understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government, and is not reviewable by the Court. Nor

shall the failure of the government to file a "substantial assistance" departure motion be ground for the defendant to move to withdraw his plea of guilty in this case.

12. The defendant understands and acknowledges that he may receive any sentence within the statutory maximum for the offenses of conviction.

13. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay. The defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the United States Probation Office, that the Court may impose the maximum sentence permitted by the statute, and that the defendant will not be permitted to withdraw his plea regardless of the sentence calculated by the United States Probation Office or imposed by the Court.

14. At sentencing, the attorneys for the United States will inform the Court and the Probation Office of: (1) this agreement; (2) the nature and extent of the defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing. Should the defendant fully cooperate in the ongoing investigation of conduct related to the conduct described in the attached Factual Basis for Plea, at sentencing the government will not oppose any request by the defendant that a probationary sentence is appropriate.

15. In consideration for the defendant's compliance with all of the terms of this agreement, the government will not oppose a request by the defendant at the time his plea is entered for conditions of release that will permit him to remain free pending sentencing.

16. The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal

the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

17. If this agreement becomes null and void pursuant to Paragraph 19, or if the defendant fails to comply with any of the material conditions and terms set forth in this agreement, including but not limited to failing to cooperate, failing to plead guilty in court to the charges set forth in this agreement, intentionally withholding information, giving false information, failing to meet with law enforcement authorities, committing perjury, or refusing to testify before the grand jury or at any judicial proceeding, the defendant will have committed a material breach of the agreement which will release the government from its promises and commitments made in this agreement. Upon defendant's failure to comply with any of the terms and conditions set forth in this agreement, the government may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

    a. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible;

    b. The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

c. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

18. In the event of a dispute as to whether defendant has knowingly committed any material breach of this agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

19. The defendant agrees that if the Court does not accept the defendant's plea of guilty, this agreement shall be null and void.

20. The defendant understands that this agreement is binding only upon the Public Integrity Section of the Department of Justice. This agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor. If requested, however, the Public Integrity Section will bring this agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this plea agreement. The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.

21. This agreement, the Factual Basis for Plea, and the attached Addendum between the defendant and the FEC resolving by separate agreement the defendant's civil liability with the FEC, constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys

by the government in connection with this case. This agreement may be amended only by a writing signed by all parties.

FOR THE DEFENDANT

*[signature]*

DONALD M. BOUCHER
Defendant

*[signature]*

JAMES ROLFE
Counsel for Defendant

FOR THE UNITED STATES

ANDREW LOURIE
Acting Chief, Public Integrity Section

*[signature] 2/23/06*

MATTHEW C. SOLOMON
Trial Attorney
U.S. Department of Justice
Criminal Division
Public Integrity Section

*[signature]*

NICHOLAS A. MARSH
Trial Attorney
U.S. Department of Justice
Criminal Division
Public Integrity Section